## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIS ANDINO-AYALA et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES et al., <br><br> Defendants. | CASE NO. 2:21-cv-08056-RGK (SK) <br><br> **FINAL ORDER TO SHOW CAUSE** |

      In October 2021, Plaintiff Angelis Andino-Ayala filed this pro se civil rights suit, both for herself and purportedly on behalf of her then-sixteen-year-old son, stemming from her arrest and loss of custody of her minor son in 2019.  Plaintiff named as Defendants Los Angeles County, three social workers from the County's Department of Child and Family Services (DCFS), both Los Angeles and Beverly Hills Police Departments, and four individual Beverly Hills police officers.  (ECF 1 at 3-6).  Los Angeles County has answered the complaint (ECF 28), but none of the individual DCFS Defendants has answered even though they appear to have been served (ECF 16-18).  The remaining police Defendants separately moved in January 2022 to be dismissed from the complaint on various grounds.  (ECF 10, 12).

      Since filing her proofs of service, however, Plaintiff has done nothing else to prosecute her action.  She filed no oppositions, as ordered to do by February 2022, to the police Defendants' motions to dismiss.  (ECF 11, 15).

In those briefing orders, Plaintiff was warned that failure to timely oppose may be deemed consent to the granting of the motions and could lead to dismissal for failure to prosecute. (*Id.*). Nor did Plaintiff amend her complaint to add a suitable party who (with retained counsel) could serve as an appropriate, non-conflicted guardian ad litem for her minor son. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Kulya v. City & Cnty. of San Francisco*, 2007 WL 760776, at *2 (N.D. Cal. Mar. 9, 2007). Finally, as of this order, Plaintiff has not responded to the Court's March 2022 order to show cause why the DCFS and police Defendants should not be dismissed from this suit for her failures to prosecute and follow court orders. (ECF 30). In that order, the Court repeated its warning that failure to prosecute this action (including against any served Defendants who have not appeared or answered) or to comply with court orders (including by timely opposing the pending motions to dismiss) could lead to involuntary dismissal of her case in whole or in part. (*Id.*).

For all these reasons, Plaintiff is ORDERED TO SHOW CAUSE in writing by no later than **April 22, 2022** why this action should not be dismissed in its entirety for lack of prosecution, lack of standing, failure to obey court orders, and failure to state a claim on which relief may be granted. This order serves as the Court's final warning. Failure to timely (or adequately) respond as ordered will lead to a recommendation that this action be involuntarily dismissed for any or all the cited deficiencies. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. Plaintiff may discharge this order by filing a notice of voluntary dismissal of the entire case using the attached form CV-9.

**IT IS SO ORDERED.**

DATED: April 14, 2022

STEVE KIM
U.S. MAGISTRATE JUDGE